

INSTITUTE FOR JUSTICE

January 9, 2025

**VIA CM/ECF**
Maureen W. Gornik
Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

    Re:   *Mohamud v. Weyker*, No. 24-1875, response to 28(j) notice of *Hernandez v. Causey*, No. 24-60080 (5th Cir. Dec. 23, 2024)

Dear Ms. Gornik:

    In its 28(j) letter of January 6, the government asserts that the Fifth Circuit's divided panel decision in *Hernandez v. Causey* supports its argument that Officer Weyker was "acting under color of federal, not state, law." This assertion is wrong for several reasons:

    1. *Hernandez* did not involve a cross-deputized officer. It considered claims against a federal officer called to the scene of a traffic stop by a local officer. Slip op. at 2–3. Because Weyker was a local officer, advancing local interests, with only limited federal power, *see* Opening Br. 3–23, her authority is more analogous to that of the local, not federal, officer in *Hernandez*. Had the local officer shot the plaintiff in *Hernandez*, he would have been subject to Section 1983.

    2. While *Hernandez* says the joint-action test "is applicable to private actors not federal actors," slip op. at 15, this statement—for which the panel provides neither analysis nor supporting authority—is wrong, *see, e.g.*, Reply Br. 4–10. As Judge Dennis explains in dissent, the panel's statement conflicts with the Fifth Circuit's own precedent holding that Section 1983 applies to federal officials when they "conspire <u>or</u> act jointly with state officials to deny constitutional rights[.]" Slip op. at 21 (Dennis, J., dissenting) (quotation omitted); *cf. Evans v. McKay*, 869 F.2d 1341,

1348 (9th Cir. 1989) (applying joint-action test to tribal officers). It is also inconsistent with the text of Section 1983, which extends liability broadly to "[e]very person" who violates the Constitution under *any* state color. 42 U.S.C. § 1983; *see also, e.g.*, Opening Br. 47–49.

     3. Finally, the government never argued a strict conspiracy requirement in its briefing to this Court. *Cf. Lake Country Ests., Inc. v. Tahoe Reg'l Plan. Agency*, 440 U.S. 391 (1979) (not requiring conspiracy). In any event, a strict-conspiracy requirement is satisfied when an individual has dual authority. As *Hernandez* notes, a plaintiff need only show "some evidence of an agreement between the federal and state actors[.]" Slip op. at 17. Surely State-Weyker and Federal-Weyker agreed to frame Mohamud. Otherwise, Corporeal-Weyker couldn't have gone through with it.

     Respectfully,

/s/ Patrick Jaicomo
Patrick Jaicomo
*Counsel for Plaintiff-Appellant*

cc: Counsel of record (via CM/ECF)

# CERTIFICATE OF COMPLIANCE

In compliance with Fed. R. App. 28(j), the body of the foregoing response letter contains 350 words.

/s/ Patrick Jaicomo
Patrick Jaicomo